1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
10
11  RAUL GARZA,                          ) Case No.: 1:18-cv-00663-SAB (PC)
                                         )
12           Plaintiff,                  ) ORDER DIRECTING CLERK OF COURT TO
                                         ) RANDOMLY ASSIGN A DISTRICT JUDGE TO
13      v.                               ) ACTION
                                         )
14  B. CATES, et.al.,                    ) FINDINGS AND RECOMMENDATIONS
                                         ) RECOMMENDING DISMISSAL OF ACTION
15           Defendants.                 )
                                         ) [ECF No. 1]
16                                       )

17      Plaintiff Raul Garza is appearing pro se and in forma pauperis in this civil rights action

18 pursuant to 42 U.S.C. § 1983.

19      Currently before the Court is Plaintiff's complaint, filed May 15, 2018.

20                                    **I.**

21                          **SCREENING REQUIREMENT**

22      The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

24 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

26 "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

27 1915(e)(2)(B).

28

                                        1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff was sentenced to a determinate term of nine years. Plaintiff's request that he receive 50% credit earnings pursuant to Title 15 of the California Code of Regulations section 3042, was denied. Plaintiff's sentence and enhancement qualify him for day for day credit earnings and Defendants have been negligent in failing to account for such credit.

Plaintiff requests an injunction ordering the California Department of Corrections and Rehabilitation to provide day for day credit and punitive damages in the amount of $100,000.00

## III.
## DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under … 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any

confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). Federal courts lack habeas jurisdiction over claims by state prisoners that are not within "the core of habeas corpus." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), cert. denied, 137 S.Ct. 645 (2017). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. Id. at 934. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at "the core of habeas corpus,' and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 534 n.13 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); Nettles, 830 F.3d at 934.

Although Plaintiff labels his claim as "retaliation," based on the actual basis of his claim it is clear that he is challenging the duration of his sentence. As such, the proper avenue to seek such relief is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Plaintiff is advised that the proper venue for challenging the execution of his sentence is the district court containing the sentencing court, while the proper venue to challenge the execution of his sentence is the district court containing the prison in which Petitioner is incarcerated. 28 U.S.C. § 2241(d). Accordingly, to the extent Plaintiff wishes to challenge the duration of his confinement he must file a habeas corpus petition in the district court containing the sentencing court. Therefore, Plaintiff's complaint must be dismissed. Although the Court would generally grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

///
///
///
///

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim under 42 U.S.C. § 1983;

2. The Clerk of Court be directed to terminate this action; and

3. The Office of the Clerk is directed to randomly assign this action to a District Judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991

IT IS SO ORDERED.

Dated: __**May 23, 2018**__

UNITED STATES MAGISTRATE JUDGE